UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XINHUA FINANCIAL NETWORK,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

04 Civ. 08043 (DC)

**MEMORANDUM OF LAW IN SUPPORT**
**OF RESPONDENT'S MOTION TO DISMISS**

DAVID N. KELLEY
United States Attorney for the
Southern District of New York
Attorney for Respondent
86 Chambers Street -- 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2719
Fax No.: (212) 637-2730

LAWRENCE H. FOGELMAN (LF-9700)
Assistant United States Attorney

- Of Counsel -

Respondent United States of America ("Respondent" or the "Government"), respectfully submits this memorandum of law in support of its motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5).

## PRELIMINARY STATEMENT

This Court should dismiss as moot plaintiff's petition to quash the summons issued by the Internal Revenue Service ("IRS") on September 21, 2004 (the "Summons") (attached to the Notice of Petition as Exhibit A). By letter dated November 15, 2004, the IRS withdrew the Summons. Accordingly, this petition to quash the Summons is moot, and this court should dismiss this action for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

The IRS issued the Summons on September 21, 2004, seeking a variety of information relative to petitioner and its dealings with an individual named Loretta Freddy Bush. See Notice of Petition, Ex. A. Petitioner filed this action to quash the Summons on October 13, 2004. By letter dated November 15, 2004, the IRS withdrew the Summons. See Declaration of Lawrence H. Fogelman, dated November 16, 2004 ("Fogelman Decl."), ¶ 2, Ex. A. In its letter confirming its withdrawal of the Summons, the IRS stated that it intends to issue a revised summons. See id.

## ARGUMENT

As the Summons that petitioner sought to quash has been withdrawn, this action is now moot, and the Court lacks subject matter jurisdiction. See Lawal v. U.S. Immigration and Naturalization Service, No. 94 Civ. 4606 (CSH), 1996 WL 384917 (S.D.N.Y. July 10, 1996) (dismissing claim under Federal Rule of Civil Procedure 12(b)(1) and explaining that when a claim is moot, the court lacked subject matter jurisdiction). Courts have held that when a summons has been withdrawn, an action to quash the summons is moot. See, e.g., Holmstrom v.

United States, No. 8:02-MC-34-T-24 MAP, 2002 WL 31083656, *1 (M.D. Fla. Aug. 5, 2002) (finding motion to quash moot where IRS has withdrawn the summons); Lowery v. Miller, No. LR-MC-90-143, 1991 WL 53235, *1 (E.D. Ark. Feb. 15, 1991) ("In as much as the Internal Revenue Service has not moved and will not move to enforce the initial summons, petitioners' motion to quash the summons will be dismissed as moot"); Dame v. United States, 643 F. Supp. 533, 534 (S.D.N.Y. 1986) (finding that "[b]ecause the summonses were thus withdrawn, there are no summonses to quash, and petitioner's motion to quash must be denied."). Accordingly, the petition should be dismissed as moot.

As stated in the letter from the IRS withdrawing the summons, the IRS intends to issue a new summons shortly. See Fogelman Decl., Ex. A. Accordingly, while the petition should be dismissed, the Government would not object to a dismissal without prejudice, so that the petitioner could amend its petition after receipt of the new summons, if the petitioner deems it necessary, without the expense and burden of commencing an entirely new action.[1]

---

[1] The petition is also subject to dismissal for lack of proper service pursuant to Federal Rule of Civil Procedure 12(b)(5), because the petition was not served on the Attorney General as required by Federal Rule of Civil Procedure 4(i)(1)(B). See Declaration of Gerald C. Miller, dated November 16, 2004.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss the petition.

Dated: November 16, 2004
New York, New York

Respectfully submitted,

DAVID N. KELLEY
United States Attorney for the
Southern District of New York
Attorney for Respondent

By: [signature]
LAWRENCE H. FOGELMAN (LF 9700)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2719
Fax: (212) 637-2730